# MARZEC LAW FIRM, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

**BROOKLYN OFFICE**
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

Via ECF

October 4, 2021

Honorable Rachel P. Kovner
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom: 4E-N
Brooklyn, New York 11201

Re:  Zimnicki et al., vs. Krysiak Construction Corp., et al.
     Case No.: 21-cv-04634 (RPK) (SJRC)

Dear Judge Kovner:

This office represents Plaintiffs KAROL ZIMNICKI and DAWID ZIMNICKI ("Plaintiffs") in the above-referenced matter. Pursuant to Section IV(A)(3) of Your Honor's Individual Practice Rules, we submit this letter in reply to Defendants, KRYSIAK CONSTRUCTION CORP. ("Corporate Defendant"), BOGUSLAWA KRYSIAK, MAREK WUJCIK, and ARKADIUSZ MAKOWSKI ("Individual Defendants"), (collectively, "Defendants"), letter requesting Your Honor deny Plaintiff's motion seeking to conditionally certify this case as a Fair Labor Standards Act ("FLSA") collective action. (Dkt. Doc. #14).

First, issue has been joined as Corporate Defendant filed its Answer on September 16, 2021, after its time to respond expired. (Dkt. Doc. #11). As an Answer has been filed, albeit outside the time allowed to file a response to Plaintiff's Complaint, issue has been joined thereby barring Corporate Defendant from seeking denial of Plaintiff's motion for conditional certification. All cases and orders cited to in Defendants' letter (Dkt. Doc. #15) -- even if they were binding which they are not -- are actions wherein no answer or responsive pleading was filed as to **all** defendants. Here, Corporate Defendant filed its Answer on September 16, 2021, and Plaintiff now seeks conditional certification of a collective class of all employees who:

> worked for Integra Development Group, Inc., (the "Corporate Defendant") at any time between August 17, 2015, and the present.

See Dkt. Doc. #14. For this reason alone the Court should deny Corporate Defendant's within request to deny Plaintiff's motion for conditional certification.

Second, Defendants' request asking this Court to deny Plaintiff's motion is improper and in violation of Your Honor's Individual Rules as well as 29 U.S.C. § 216 as the request was not filed as an opposition to Plaintiff's motion nor was it filed as a request for a pre-motion conference but was simply filed as a letter to this Court. Defendants' correspondence seeking an Order denying Plaintiffs' motion is in violation of Section IV(A)(1) of Your Honor's Individual Practice Rules as Defendants seek substantive relief and an Order denying Plaintiffs' motion for certification of a collective class as

to Corporate Defendant only, the one defendant who filed and served an Answer to the Complaint. In fact, Corporate Defendant does not dispute that Plaintiffs have alleged sufficient facts as a basis to name the Corporate Defendant as a party to this action. Thus, Defendants' letter request seeking to deny Plaintiff's motion relies on evidence outside of the pleadings, and is applicable to Individual Defendants only, who are not the parties to whom Plaintiff's motion is addressed. Corporate Defendant cannot circumvent this substantive procedural issue by labelling what should be its opposition to Plaintiff's motion for conditional certification as a letter to the Court requesting the same substantive relief.

Accordingly, Plaintiffs respectfully request the Court deny Corporate Defendant's improper letter request based on nothing more than irrelevant case citations to matters wherein issue was not joined as to the named defendants. By contrast, issue has been joined herein as to Corporate Defendant and Plaintiff's motion is directed to Corporate Defendant only and seeks to conditionally certify a class of employees of Corporate Defendant. There is no basis articulated in Defendants' letter request upon which the Court should deny Plaintiff's motion and Corporate Defendant should be ordered to properly file a formal opposition to the motion pursuant to 29 U.S.C. § 216 and Defendants' letter request should be denied in its entirety.

Respectfully,

/s/ Darius A. Marzec
Darius A. Marzec

CC: Brian Shenker, Esq. via ECF and email (brian.shenker@jacksonlewis.com)