UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
KAROL ZIMNICKI and DAWID ZIMNICKI,
*individually and on behalf of all other persons similarly situated*,

                              Plaintiffs,

              -against-

KRYSIAK CONSTRUCTION CORP., BOGUSLAWA
KRYSIAK, MAREK WUJCIK, and ARKADIUSZ
MAKOWSKI,

                              Defendants.
------------------------------------------------------------------ x

REPORT AND
RECOMMENDATION

No. 21-CV-4634-RPK-JRC

JAMES R. CHO, United States Magistrate Judge:

        Plaintiffs Karol Zimnicki ("Karol") and Dawid Zimnicki ("Dawid") (collectively, "plaintiffs") filed this action against Krysiak Construction Corp. (the "Corporate Defendant" or "Krysiak Construction"), Boguslawa Krysiak ("Ms. Krysiak"), Marek Wujcik ("Mr. Wujcik"), and Arkadiusz Makowski ("Mr. Makowski") (collectively, "defendants") seeking unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 650 *et seq.*, and related damages. *See* Second Amended Compl. ("Sec. Am. Compl."), Dkt. 35. Plaintiffs further allege New York common law claims for breach of contract and quantum meruit. *Id*.

        Currently pending before this Court, on referral from the Honorable Rachel P. Kovner, is Ms. Krysiak's motion to dismiss plaintiffs' claims against her as set forth in the Second Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Second Amended Complaint ("Defs. Mem."), Dkt. 45-1. In addition, defendants move to

dismiss plaintiffs' claims for breach of contract and quantum meruit. *See id.* For the reasons set forth below, this Court respectfully recommends denying Ms. Krysiak's motion as it relates to the wage and hour claims against her, granting defendants' motion with respect to plaintiffs' breach of contract claim (and the contract claim against Ms. Krysiak based on a theory of alter ego liability), and denying defendants' motion with respect to the quantum meruit claim.

## I.     Background

### A.     Factual Background

The following facts are taken from the Second Amended Complaint and assumed to be true for the purposes of the instant motion to dismiss.

The Corporate Defendant, Krysiak Construction, is a general contractor providing patio construction, renovation, new home construction, and other services. Sec. Am. Compl. ¶ 23. Krysiak Construction employed between 40 and 100 employees during the relevant time period. *Id.* ¶¶ 26-27. Employees of Krysiak Construction work interchangeably among the company's project worksites and are subject to the same wage practices. *Id.* ¶ 28. Ms. Krysiak is the CEO and sole shareholder of Krysiak Construction. *Id.* ¶ 7(a). She had the power to control the company's employees and paid their wages. *Id.*

Mr. Wujcik and Mr. Makowski serve as supervisors for Krysiak Construction, and are directly involved in all aspects of managing employees, including employee payroll, work schedules, time tracking, payment of wages, and hiring and firing of employees. *Id.* ¶¶ 7(b), 7(c), 12. Mr. Wujcik and Mr. Makowski generally paid employees in cash "every Tuesday," but sometimes paid employees on Wednesdays. *Id.* ¶¶ 8-9. Mr. Wujcik and Mr. Makowski controlled all aspects of each employee's tasks and work schedules, including tracking hours worked, but Ms. Krysiak supervised and approved the payment of wages to each employee in

cash on a weekly basis. *Id.* ¶ 12.

Plaintiffs were employed as construction workers and carpenters by defendants. *Id.* ¶ 24. Karol and Dawid each worked for the defendants "from approximately January 2014 through March 2020." *Id.* ¶¶ 34, 45.[1] Defendants paid plaintiffs their wages in cash. *Id.* ¶ 29. Plaintiffs allege that they were paid only straight time for hours worked in excess of 40 hours per week. *Id.* ¶ 70. In addition, plaintiffs allege that they were not paid "for time spent waiting to be engaged and traveling to and from each project work site in the company van." *Id.* ¶ 59.

Plaintiffs further contend that defendants did not provide plaintiffs with written wage statements, as required by New York State law. *See id.* ¶ 79. Plaintiffs allege that defendants willfully failed to pay plaintiffs and other similarly situated employees overtime wages and to make, keep and preserve proper payroll records. *See id.* ¶¶ 84-86.

According to plaintiffs, Ms. Krysiak exercised complete dominion over the Corporate Defendant after her husband died in 2014. *Id.* ¶ 98. Plaintiffs also allege that Ms. Krysiak abused the corporate form in conducting the Corporate Defendant's affairs by "fail[ing] to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities." *Id.* ¶ 96. Plaintiffs further allege that Ms. Krysiak "intermingled the funds of the Corporate Defendant with her own personal funds" and "intentionally undercapitalized the Corporate Defendant. *Id.* ¶¶ 104-05.

B.   **Procedural History**

On August 17, 2021, plaintiffs commenced this action against defendants seeking, *inter alia*, unpaid wages and overtime compensation, liquidated damages, prejudgment and post-

---

[1] Elsewhere in the Second Amended Complaint, Dawid is alleged to have worked for defendants "from approximately September 2018 through to [the] end of June 2019." Sec. Am. Compl. ¶ 5.

judgment interest, and attorney's fees and costs. *See* Complaint, Dkt. 1. On October 12, 2021, the Court granted plaintiffs' application for leave to file an amended complaint. *See* Minute Entry dated October 12, 2021.

On February 4, 2022, Ms. Krysiak moved to dismiss the First Amended Complaint. *See* Dkt. 30. On September 14, 2022, this Court issued a Report and Recommendation that the Court grant Ms. Krysiak's motion to dismiss. *See* Report and Recommendation ("9/14/22 R&R"), Dkt. 31. There, the Court found that plaintiffs had asserted in the First Amended Complaint only "vague and conclusory allegations" in support of their claim that Ms. Krysiak qualified as plaintiffs' employer. *See id.* at 8, 11. Although plaintiffs submitted the affidavit of plaintiff Karol setting forth additional facts regarding Ms. Krysiak's conduct, the Court rejected plaintiffs' reliance on the affidavit because it included facts that were not contained in the First Amended Complaint. *Id.* at 11.

In addition, this Court recommended dismissing plaintiffs' claims for breach of contract and quantum meruit. The Court determined that the First Amended Complaint contained insufficient information to sustain a claim for breach of contract. *Id.* at 13. The Court further concluded that plaintiffs had "fail[ed] to plead sufficient facts that would merit piercing the corporate veil." *Id.* at 14. Finally, the Court found insufficient plaintiffs' allegations as to the reasonable value of their services in connection with their quantum meruit claim. *Id.* at 16.

In response to this Court's Report and Recommendation, on September 23, 2022, plaintiffs moved for leave to file a Second Amended Complaint. *See* Dkt. 32. This Court granted plaintiffs' application over defendants' opposition. *See* Order dated Sept. 28, 2022. On September 28, 2022, defendants filed a timely objection to this Court's Report and Recommendation. *See* Dkt. 36. However, Judge Kovner found that plaintiffs' intervening filing

4

of a Second Amended Complaint rendered moot defendants' motion to dismiss the First Amended Complaint and the corresponding Report and Recommendation. *See* Order dated Sept. 29, 2022. On January 11, 2023, defendants filed the instant motion to dismiss, raising the same arguments that this Court found persuasive in defendants' original motion to dismiss. However, the Second Amended Complaint contains additional factual allegations that the Court could not consider in analyzing defendants' original motion.

## II. Discussion

### A. Legal Standards for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief may be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff need not allege "detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). "[A] formulaic recitation of the elements of a cause of action will not do"; the claim must set forth "more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

A court must accept the complaint's well-pleaded factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Lynch*, 952 F.3d at 74-75; *Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014). In considering whether a complaint states a

claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

> **B.  The Second Amended Complaint Sufficiently Alleges Ms. Krysiak Was Plaintiffs' Employer Under the FLSA and NYLL**

Ms. Krysiak argues that the Second Amended Complaint does not adequately plead that she was an "employer" as defined by the FLSA and the NYLL. *See* Defs. Mem. at 6-9. "A defendant must qualify as an 'employer' to be held liable under the FLSA." *Drozd v. Vlaval Constr., Inc.*, No. 09-CV-5122, 2011 WL 9192036, at *5 (E.D.N.Y. Oct. 18, 2011); *see Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013). Section 203(d) of the FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). New York law similarly defines the term "employer" broadly as "any 'person employing any [employee].'" *Drozd*, 2011 WL 9192036, at *5 (quoting *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342 (S.D.N.Y. 2005)); *see Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015).

The central question when analyzing who is an "employer" under the FLSA is "whether the alleged employer possessed the power to control the workers in question, . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999) (citing *Carter v. Dutchess Cmty. College*, 735 F.2d 8, 12 (2d Cir. 1984); *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)). "An allegation that a defendant 'is an owner or officer of a company . . . is insufficient' by itself, unless the defendant has 'control

6

over a company's actual operations in a manner that relates to a plaintiff's employment.'" *Chen Lin v. Dolar Shop Rest. Grp., LLC*, No. 16-CV-2474, 2021 WL 681075, at *7 (E.D.N.Y. Feb. 22, 2021) (Kovner, J.) (quoting *Irizarry*, 722 F.3d at 109). Courts evaluate whether defendants have the requisite control on "'a case-by-case basis,' based on a review of the 'totality of the circumstances.'" *Id*. (quoting *Irizarry*, 722 F.3d at 104). "[T]here is no requirement that the defendant 'continuous[ly] monitor[]' or exercise 'any sort of absolute control' over the plaintiff." *Drozd*, 2011 WL 9192036, at *5 (quoting *Doo Nam Yang*, 427 F. Supp. 2d at 342); *see Herman*, 172 F.3d at 139 ("[S]uch status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees.").

Courts commonly use the "economic reality test" set forth in *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), in assessing whether an individual owner qualifies as plaintiff's employer. Under the "economic reality" test, courts consider the following factors to determine whether an individual is an employer:

> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Herman*, 172 F.3d at 139 (citing *Carter*, 735 F.2d at 12). "This same analysis applies to claims brought under the NYLL." *Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08 Civ. 6519, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009). No single factor from the "economic reality" test is dispositive of a defendant's status as an employer, nor are these factors exclusive. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71 (2d Cir. 2003); *Drozd*, 2011 WL 9192036, at *6.

Ms. Krysiak argues that plaintiffs' Second Amended Complaint relies on formulaic recitations of the economic reality test, largely rehashing the arguments from the prior motion to

7

dismiss. *Compare* Dkt. 45-1 at 6-9, *with* Dkt. 30-3 at 6-7. While the First Amended Complaint contained only vague and conclusory allegations, plaintiffs have supplemented their pleadings with more specific factual allegations that previously had been included in plaintiff Karol's declaration, but not in the First Amended Complaint. Unlike the First Amended Complaint, in addition to the boilerplate allegations that merely recite the elements of the economic reality test, the Second Amended Complaint also contains specific facts that adequately allege that Ms. Krysiak was plaintiffs' employer. *See Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406, 2018 WL 279756, at *3 (S.D.N.Y. Jan. 2, 2018) (denying motion to dismiss where complaint "track[ed] the elements of the economic reality test," but "also contains specifics that adequately, albeit barely, support a claim"); *Leal v. Masonry Servs. Inc.*, No. 12-CV-588, 2013 WL 550668, at *2-*3 (E.D.N.Y. Feb. 12, 2013) (denying motion to dismiss where, in addition to alleging the bare elements of the economic reality test, the plaintiff alleged that the individual defendants were "owners, principal shareholders, and directors" of the corporate defendants, "made major personnel decisions and dominated day-to-day operations," and that the plaintiff worked at their direction); *Wilk v. VIP Health Care Servs., Inc.*, No. 10 Civ. 5530, 2012 WL 560738, at *8 (E.D.N.Y. Feb. 21, 2012) (denying motion to dismiss where plaintiff provided factual allegations that the individual defendant exercised "operational control" over the plaintiff in addition to reciting the elements of the "economic reality test").

Whether plaintiffs ultimately will be able to establish that Ms. Krysiak had sufficient operational control to be considered plaintiffs' employer under the FLSA and NYLL is a matter to be determined on summary judgment or at trial. *See Romero v. Real Innovative Constr., LLC*, No. 18-CV-7424, 2020 WL 534172, at *6 (S.D.N.Y. Jan. 13, 2020).

Ms. Krysiak correctly argues that plaintiffs plead only conclusory facts with respect to

8

the first and fourth *Carter* factors.  As to the first factor, plaintiffs allege only that Ms. Krysiak was responsible for "hiring and firing employees."  Sec. Am. Compl. ¶¶ 14 ("[t]he Individual Defendants were . . . responsible for . . . hiring and firing employees of the Corporate Defendant"), 92 ("Individual Defendants had control over the conditions of employment of Plaintiffs and others similarly situated, including their hiring and firing").  Simply restating one of the *Carter* factors in the pleading is insufficient.  *See Keawsri*, 2018 WL 279756, at *3.  In addition, plaintiffs' subjective belief that Ms. Krysiak could terminate their employment is insufficient to allege plausibly Ms. Krysiak's employer status in the absence of any objective supporting facts.  *See Chen v. DG & S NY, Inc.*, 406 F. Supp. 3d 216, 222 (E.D.N.Y. 2016) ("[Plaintiff]'s subjective beliefs, no matter how genuinely held, are simply of no consequence in assessing [defendant]'s status as an employer under the economic reality test."); *Garcia v. JonJon Deli Grocery Corp.*, No. 13-CV-8835, 2015 WL 4940107, at *3 (S.D.N.Y. Aug. 11, 2015) ("[T]he economic reality test turns on objective economic realities, not subjective beliefs as to who constitutes an employer.").  Likewise, plaintiffs' allegation that other employees referred to Ms. Krysiak as the "boss" has been found insufficient by courts in this District.  *See Hernandez v. Sikka*, No. 17-CV-4792, 2020 WL 1083706, at *12 (E.D.N.Y. Mar. 6, 2020); *Chen*, 406 F. Supp. 3d at 222; *Chao v. Vidtape, Inc.*, 196 F. Supp. 2d 281, 291 (E.D.N.Y. 2002) (testimony that employers considered factory owner's father their "boss" was not sufficient to support a finding that he was an employer under the economic realities test), *aff'd as modified*, 66 F. App'x 261 (2d Cir. 2003).

However, the Second Amended Complaint has added several factual allegations that satisfy other factors.  With respect to the second factor, plaintiffs allege that immediately after her husband's death, Ms. Krysiak was present every morning at the office of the Corporate

9

Defendant, planning out the contracting jobs and directing where each crew would work on a particular day.  *See* Sec. Am. Compl. ¶ 42.  In addition, Ms. Krysiak made supervisory site visits to each job worksite.  *Id.* ¶¶ 38-42, 44, 54-55.  Plaintiffs provide specific examples when Ms. Krysiak was present at a job worksite and was directly involved in instructing plaintiffs and other employees to continue working, as well as how she wanted the construction work to be completed.  *See id.* ¶¶ 39, 41, 44, 52-53, 55.

With respect to the third factor, plaintiffs allege that when employees asked Mr. Wujcik and Mr. Makowski for payment by check, rather than cash, they told employees that they would have to discuss that issue with Ms. Krysiak.  *See id.* ¶ 43.  In addition, plaintiffs allege that Ms. Krysiak supervised and approved the payment of wages to each employee.  *See id.* ¶ 12.  For example, Ms. Krysiak would have to approve any raise in an employee's pay.  *See id.* ¶ 42.  Although the specific factual allegations in the Second Amended Complaint support only two of the economic reality test factors, several courts have sustained claims that address only some of the *Carter* factors.  *See Romero*, 2020 WL 534172, at *5; *Lu v. Red Koi, Inc.*, No. 17-CV-7291, 2020 WL 7711410, at *6 (S.D.N.Y. Dec. 29, 2020); *Campagnone v. MJ Licensing Co.*, No. 18-CV-6227, 2019 WL 1953931, at *3 (S.D.N.Y. May 2, 2019); *Ramirez v. Riverbay Corp.*, 35 F. Supp. 3d 513, 521 (S.D.N.Y. 2014) (denying motion to dismiss where defendants satisfied only factors two and three of the economic reality test).

While plaintiffs' nonconclusory allegations regarding Ms. Krysiak's employer status may be thin, it is well established that "ownership in a closely held corporation strongly suggests an employer-employee relationship." *Hong v. Mito Asian Fusion, Inc.*, No. 19-CV-3149, 2021 WL 5409267, at *3 & n.3 (E.D.N.Y. Aug. 9, 2021); *see Timberg v. Toombs*, No. 20-CV-6060, 2022 WL 954739, at *9 (E.D.N.Y. Mar. 30, 2022); *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d

10

442, 459 (E.D.N.Y. 2014) (inferring that three individual defendants who jointly owned the corporate defendant had power over the corporation's daily operations); *Apolinar v. Glob. Deli & Grocery, Inc.*, No. 12-CV-3446, 2013 WL 5408122, at *4 (E.D.N.Y. Sept. 25, 2013) ("The allegation that [the individual defendant] was a principal of Global suggests that he possessed control over it and its employees."). "Indeed, '[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Hong*, 2021 WL 5409267, at *3 (quoting *Slamna v. API Rest. Corp.*, No. 12-CV-757, 2012 WL 2979067, at *3 (S.D.N.Y. July 20, 2012)). As long as the individual "exercises substantial control over a worker," she may qualify as an employer under the FLSA. *See Carter*, 735 F.2d at 12. An employer need not "be responsible for personally managing plaintiff employees or even directly come into contact with the plaintiffs, their workplaces, or their schedules." *Hong*, 2021 WL 5409267, at *5; *see Irizarry*, 722 F.3d at 110; *Herman*, 172 F.3d at 139 ("[S]uch status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA."); *Lu*, 2020 WL 7711410, at *6.

  Here, the Second Amended Complaint's allegations regarding the second and third *Carter* factors, coupled with Ms. Krysiak's status as the sole shareholder of a closely held corporation, are sufficient to allege plausibly that Ms. Krysiak was in a position of authority and control over the Corporate Defendant and had control over its daily operations. *See Draskovic v. Oneota Assocs., LLC*, No. 17-CV-5085, 2019 WL 783033, at *8 (E.D.N.Y. Feb. 21, 2019) (finding genuine issue of fact regarding whether owner-manager who regularly instructed

11

plaintiff in his work qualified as an employer). Specifically, plaintiffs allege in the Second Amended Complaint that Ms. Krysiak is the sole shareholder of the Corporate Defendant and provides specific examples of Ms. Krysiak exercising authority over plaintiffs-employees on a regular basis and controlling their work schedules.

These facts are sufficient to demonstrate that Ms. Krysiak had operational control over the Corporate Defendant's employees sufficient to create an employer-employee relationship. *See Timberg*, 2022 WL 954739, at *9 (denying motion to dismiss individual defendant who was "owner and operator" of corporation and was alleged to have determined the rate and method of payment of plaintiffs' wages and controlled their work schedules); *Hong*, 2021 WL 5409267, at *5; *Cano v. Sushi Chain, Inc.*, No. 19-CV-3509, 2021 WL 84276, at *4 (E.D.N.Y. Jan 11, 2021) (finding that plaintiff stated a plausible claim the individual defendant was employer where defendant, *inter alia*, "told [plaintiff] and other workers to perform tasks at the restaurant, including preparing food, organizing supplies, and cleaning in or around the restaurant"); *Liu v. Chan*, No. 18-CV-5044, 2020 WL 978857, at *7 (E.D.N.Y. Feb. 28, 2020) (finding that plaintiff "pleads sufficient facts and actual examples of [defendants] exercising authority over defendants' employees, including plaintiffs"); *Keawsri*, 2018 WL 279756, at *3 (S.D.N.Y. Jan. 2, 2018) (finding sufficient allegations that defendant manages the restaurant jointly, visits the restaurant regularly, holds meetings with other managers and takes money from the registers); *Ayala v. Looks Great Servs., Inc.*, No. 14-CV-6035, 2016 WL 3541548, at *7 (E.D.N.Y. June 23, 2016) (plaintiff may satisfy economic reality test by "provid[ing] actual examples of authority exercised by the individual defendant that tended to show that he had operational control of the company [] or plead allegations showing that the individual defendant was the sole decision-maker in a small or medium sized corporation").

The Second Circuit advises that courts "must be mindful when considering an individual defendant, to ascertain that the individual was engaged in the culpable company's affairs to a degree that it is logical to find him liable to plaintiff employees." *Irizarry*, 722 F.3d at 117. Based on the facts alleged in the Second Amended Complaint, and drawing all reasonable inferences in plaintiffs' favor, plaintiffs have satisfied that standard with respect to Ms. Krysiak. This Court, therefore, recommends denying Ms. Krysiak's motion to dismiss the FLSA and NYLL claims brought against her.[2]

### C. Plaintiffs Fail to Assert a Viable Breach of Contract Claim

As an alternative to plaintiffs' FLSA and NYLL claims, plaintiffs allege that defendants breached an oral contract between the parties for plaintiffs to supply work "in exchange for proper and lawful wages to be paid to them on a weekly basis." Sec. Am. Compl. ¶ 125; *see* Plaintiffs' Memorandum in Opposition ("Pl. Opp.") at 10-11, Dkt. 45-3. As with the First Amended Complaint, defendants argue that the contract claim asserted in the Second Amended Complaint fails to allege the essential terms of any agreement between the parties, when the agreement was entered into and with whom. *See* Defs. Mem. at 9. This Court again agrees with defendants and recommends dismissal of the breach of contract claim.

The elements of a cause of action for breach of contract under New York law are: (1) the existence of a contract; (2) performance of a contract by one party; (3) breach by the other party; and (4) damages suffered as a result of the breach. *See Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015); *Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, 438 F. App'x 20, 21-22 (2d Cir. 2011). A breach of contract claim will be dismissed "as being too vague and indefinite,

---

[2] Given this Court's finding that plaintiffs have asserted viable FLSA and NYLL claims against Ms. Krysiak at this stage of the case, this Court further recommends denying defendants' motion to dismiss the corresponding declaratory judgment claim. *See* Defs. Mem. at 9 n.3, Dkt. 45-1.

13

where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." *Timberg*, 2022 WL 954739, at *10 (internal quotation marks and citation omitted).

As this Court found with respect to the First Amended Complaint, plaintiffs have not alleged sufficient facts to allow the Court to interpret the parties' rights under the contract or establish the identities of the parties who agreed to be bound by the agreement. *See* 9/14/22 R&R at 13. Indeed, the Second Amended Complaint does not include any additional facts that the Court found lacking in the prior pleading. Nevertheless, plaintiffs rely on two allegations in the Second Amended Complaint in support of their breach of contract claim:

> Plaintiffs and others similarly situated entered into an oral contract with the Corporate Defendant and the Individual Defendants to supply work in furtherance of Defendants' business in exchange for wages. Plaintiffs and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of their employment agreement with Defendants and were therefore entitled to the wages they earned while working for Defendants.

Pl. Opp. at 10-11 (citing Sec. Am. Compl. ¶¶ 122-23). However, plaintiffs "still do not 'allege the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated.'" *DeSilva v. N. Shore-Long Island Jewish Health System, Inc.*, No. 10-CV-1341, 2012 WL 748760, at *8 (E.D.N.Y. Mar. 7, 2012) (quoting *Sirohi v. Trustees of Columbia Univ.*, No. 97-CV-7912, 1998 WL 642463, at *2 (2d Cir. Apr. 16. 1998)); *see Glover v. Bob's Discount Furniture, LLC*, 621 F. Supp. 3d 442, 451 (S.D.N.Y. 2022) (dismissing contract claim where plaintiff "has not identified which specific term in the plan entitles her to compensation for her complaint"); *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (E.D.N.Y. 2016) (dismissing breach of contract claim because plaintiff "failed to plead the essential terms of the alleged agreement between the parties and which provisions, if any, were breached"). Thus, for the same reasons discussed in the Court's prior

14

Report and Recommendation, the Court recommends dismissing plaintiffs' breach of contract claim.[3]

### D. The Court Finds That Plaintiffs Have Abandoned Their Contract Claims Against Ms. Krysiak Under an Alter Ego Theory of Liability

In connection with their breach of contract claim, plaintiffs also seek to hold Ms. Krysiak personally liable for the Corporate Defendant's obligations as the alter ego of the corporation. *See* Sec. Am. Compl. ¶¶ 96-108 ("Facts Relating to [] Piercing the Corporate Veil"); *id.* ¶¶ 121-30 (First Claim for Relief Breach of Contract) Plaintiffs, however, failed to respond to defendants' argument that plaintiffs have not satisfied the high burden required to pierce the corporate veil. *See* Defendants' Reply Memorandum of Law in Further Support at 1, 6, Dkt. 45-4. A plaintiff's failure to respond to arguments raised in a motion to dismiss certain claims constitutes "an abandonment of those claims." *Laface v. E. Suffolk BOCES*, No. 18-CV-1314, 2019 WL 1959489, at *8 (E.D.N.Y. May 2, 2019) (collecting cases, internal quotation marks omitted); *see In re Chembio Diagnostics, Inc. Securities Litig.*, 586 F. Supp. 3d 199, 217 n.7 (E.D.N.Y. 2022) (finding plaintiff's failure to respond to argument on motion to dismiss to be a waiver of claim), *reconsideration denied*, 616 F. Supp. 3d 192 (E.D.N.Y. 2022); *Manopella-Fletcher v. Bayer, Inc.*, No. 22-CV-693, 2022 WL 14813742, at *2 (E.D.N.Y. Oct. 26, 2022) (same); *Winston v. Hershey Co.*, No. 19-CV-3735, 2020 WL 8025385, at *6 (E.D.N.Y. Oct. 26,

---

[3] Without citing any authority, plaintiffs argue that the Second Amended Complaint states a breach of contract claim because they added the allegation that "all such contracts of employment between Plaintiffs and others similarly situated and all Defendants were *ratified* by the Corporate Defendant, including Ms. Krysiak." Pl. Opp. at 11 (emphasis added); *see* Sec. Am. Compl. ¶ 125. However, whether a contract is later ratified by a principal does not obviate the need for plaintiffs to allege the essential terms of the purported underlying oral contract. Regardless, plaintiffs' allegation that defendants ratified plaintiffs' employment agreements is itself conclusory.

2020). In light of plaintiffs' failure to address defendants' arguments in their opposition, this Court finds that plaintiffs have abandoned their claim of alter ego liability against Ms. Krysiak.

In any event, the Court finds that the conclusory allegations in support of their claim of alter ego liability against Ms. Krysiak are insufficient to survive a motion to dismiss. New York law recognizes that corporations are presumed to be separate from their owners. *See Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988) ("A corporation is an entity that is created by law and endowed with a separate and distinct existence from that of its owners."). One limited exception to this general rule is known as the doctrine of piercing the corporate veil, whereby a court disregards the corporate form in order to impose an obligation of the corporation on the entity's parent corporation or owners. *See id.* (applying New York law); *Morris v. N.Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 140 (1993).

"[T]he doctrine of piercing the corporate veil is typically employed by a third party seeking to go behind the corporate existence in order to . . . hold [the owner] liable for some underlying corporate obligation." *Fed. Nat'l Mortg. Ass'n v. Olympia Mortg. Corp.*, 724 F. Supp. 2d 308, 318 (E.D.N.Y. 2010) (quoting *Morris v. N.Y.S. Dep't of Taxation and Fin.*, 82 N.Y.2d 135, 140-41 (1993)) (alterations in original). Corporate veil piercing, or alter ego theory of liability, allows plaintiffs who have been defrauded by corporations to seek redress by making an "actual or equitable owner of a dominated corporation" liable for its debts. *See D. Klein & Son, Inc. v. Good Decision, Inc.*, 147 F. App'x 195, 197 (2d Cir. 2005) (collecting cases). It is an equitable and narrow remedy only to be used in "extraordinary circumstances." *In re Optimal U.S. Litig*, No. 10 Civ. 4095, 2011 WL 4908745, at *3 (S.D.N.Y. Oct. 14, 2011) (citations omitted).

16

A plaintiff seeking to pierce the corporate veil must allege "(1) the owners of the corporation exercised complete dominion over the corporation with respect to the transaction at issue, and (2) the domination was used to commit a fraud or wrong that injured the party seeking veil piercing." *Dafeng Hengwei Textile Co. v. Liu*, 720 F. App'x 83, 84 (2d Cir. 2018). The Second Circuit considers several factors to determine whether an owner has exercised control over the corporation, including "(1) the intermingling of corporate and personal funds, (2) undercapitalization of the corporation, and (3) failure to maintain separate books and records or other formal legal requirements for the corporation." *Williamson v. Recovery L.P.*, 542 F.3d 43, 53 (2d Cir. 2008) (quoting *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 600 (2d Cir. 1989)). The complaining party must show actual domination, and not just an opportunity to control. *See De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996); *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 143, 145 (E.D.N.Y. 2009) (noting that a controlling ownership interest, consolidated financial report and overlapping officers "are commonplace as generally-accepted corporate form, and are insufficient without more, as a matter of law, to eviscerate the presumption of corporate separateness").

"New York courts 'disregard corporate form reluctantly,' . . . and "allow[ ] individuals to incorporate for the very purpose of avoiding personal liability." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 17 (2d Cir. 1996) (internal quotation marks omitted).

As this Court found with respect to the First Amended Complaint, plaintiffs rely largely on conclusory allegations that Ms. Krysiak misused the corporate form to perpetrate a fraud. For example, plaintiffs allege "[u]pon information and belief" that "[Ms.] Krysiak failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities," but they fail to allege any facts detailing how she failed to comply with these

17

corporate formalities. *See* Sec. Am. Compl. ¶ 96. "The court need not accept these conclusory allegations as true." *Garcia v. Paris Maintenance*, No. 15-CV-663, 2016 WL 11481206, at *6 (E.D.N.Y. May 4, 2016) (finding futile plaintiff's proposed amendments to assert alter ego liability). Plaintiffs also allege that Ms. Krysiak "used the assets of [the] Corporate Defendant as [her] own, and otherwise commingled personal assets of [the] Corporate Defendant." *Id.* ¶ 97. In that regard, plaintiffs cite as an example Ms. Krysiak's use of the Corporate Defendant to conduct work renovating her house. *Id.* ¶ 104. However, this one example, coupled with nothing "more than 'a formulaic recitation of the elements'" for piercing the corporate veil is insufficient. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 87 (S.D.N.Y. 2010) ("In pleading these elements, plaintiffs must do more than merely parrot the factors enumerated in the veil-piercing case law."). Indeed, plaintiffs do not allege that Ms. Krysiak was solely responsible for the employment decisions or supervision of employees of the Corporate Defendant; rather, plaintiffs allege that defendants Wujcik and Makowski directed the employees and paid them their wages. *See* Sec. Am. Compl. ¶¶ 7(b), 7(c).

Plaintiffs further fail to allege any facts in support of their conclusory allegations that Ms. Krysiak failed to honor corporate formalities and inadequately capitalized the business. Although plaintiffs have largely relied on Ms. Krysiak's sole ownership status as a basis for alter ego liability, more is required to pierce the corporate veil. *See M&K Imports, LLC v. Rejuveneda Med. Group, Inc.*, No. 22-CV-2606, 2023 WL 159790, at *3 (S.D.N.Y. Jan. 11, 2023) (applying California law, "[i]t is, therefore, illogical to find that one's status as the sole proprietor [or owner] supports an inference of alter-ego liability"); *Cohen v. Schroeder*, 248 F. Supp. 3d 511, 521 (S.D.N.Y. 2017), *aff'd*, 724 F. App'x 45 (2d Cir. 2018); *Leykis v. NYP Holdings, Inc.*, 899 F.

Supp. 986, 992 (E.D.N.Y. 1995). "[W]ith respect to small, privately-held corporations, 'the trappings of sophisticated corporate life are rarely present,' and we must avoid an over-rigid 'preoccupation with questions of structure, financial and accounting sophistication or dividend policy or history.'" *Bridgestone/Firestone*, 98 F.3d at 18 (quoting *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 601 (2d Cir. 1989)). "For these reasons, "courts . . . are 'especially hesitant to find a disregard of the corporate form when closely-held corporations are involved.'" *Cohen*, 248 F. Supp. 3d at 522 (quoting *Feitshans v. Kahn*, No. 06-CV-2125, 2007 WL 2438411, at *5 (S.D.N.Y. Aug. 22, 2007)), *aff'd*, 724 F. App'x 45 (2d Cir. 2018).

To the extent plaintiffs seek to pierce the corporate veil to impose liability on Ms. Krysiak for alleged breach of contract, this Court recommends granting Ms. Krysiak's motion to dismiss the breach of contract claim against her based the alleged veil-piercing theory of liability.

### E. Defendants Failed to Substantively Address the Quantum Meruit Claim

In the Court's prior Report and Recommendation, it recommended dismissing plaintiffs' quantum meruit claim because plaintiffs "set forth only vague and conclusory allegations regarding the 'reasonable value for [their] services" and "failed to plead how the 'reasonable value' for the services they provided could be calculated." 9/14/22 R&R at 16. In the instant motion, however, defendants have not raised any arguments as to why this claim should be dismissed.[4] Accordingly, the Court declines to recommend dismissing this claim. *See Naples v. Stefanelli*, 972 F. Supp. 2d 373, 400 (E.D.N.Y. 2013) ("[W]hether Plaintiffs have adequately pled the other elements of a libel or slander claim were not raised by the [defendants in their

---

[4] Defendants' brief references plaintiffs' quantum meruit claim only in the Table of Contents. *See* Dkt. 45-1 at ECF page 2.

19

motion to dismiss], and the Court will not address these arguments *sua sponte*.") *DeSilva v. N. Shore-Long Island Jewish Health System, Inc.*, 770 F. Supp. 2d 497, 535 (E.D.N.Y. 2011) (declining to address unjust enrichment claim where defendant did not raise any arguments supporting dismissal).

## Conclusion

For the foregoing reasons, this Court respectfully recommends denying Ms. Krysiak's motion to dismiss plaintiffs' Second Amended Complaint as to the wage and hour claims against her, granting defendants' motion to dismiss plaintiffs' breach of contract claim, and denying defendants' motion with respect to the quantum meruit claim.

A copy of this Report and Recommendation is being electronically served on counsel. Any objections to the recommendations made in this Report must be filed with the Honorable Rachel P. Kovner within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 12, 2023**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
August 29, 2023

                                                          s/ James R. Cho
                                                          James R. Cho
                                                          United States Magistrate Judge