# MARZEC LAW FIRM, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

**BROOKLYN OFFICE**
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

---

Via ECF

December 4, 2024

Honorable James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Zimnicki et al., vs. Krysiak Construction, Corp. et al.**
      **Case No.: 1:21-cv-04634 (JRC)**

Dear Magistrate Judge Cho:

We represent Plaintiffs KAROL ZIMNICKI and DAWID ZIMNICKI (collectively "Plaintiffs") in the above-referenced matter. We write pursuant to Your Honor's Minute Order, entered November 21, 2024, extending the deadline to December 4, 2024 for Plaintiffs and Defendants, KRYSIAK CONSTRUCTION CORP. ("Corporate Defendant"), BOGUSLAWA KRYSIAK, MAREK WUJCIK and ARKADIUSZ MAKOWSKI ("Individual Defendants") (collectively "Defendants") (Plaintiffs and Defendants collectively "the Parties") to request Court approval of the settlement reached by the Parties in the instant action. A true copy of the fully executed Settlement Agreement is attached hereto as **Exhibit A**.

In accordance with Your Honor's Order, entered September 4, 2024, the Parties reached a settlement consistent with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Plaintiffs request Court approval of the settlement because the claims in this action include claims under the Fair Labor Standards Act ("FLSA"), which require Court approval of any settlement reached between parties to this action. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). When reviewing an FLSA settlement that does not involve a certified class or a final collective class, as is the case here, the Court typically examines the following factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation." Abrar v. 7-Eleven, Inc., 2016 WL 1465360 *2 (EDNY 2016) (citations omitted). Courts will also consider whether the settlement is the result of an arm's length negotiation conducted in good faith by counsel with significant experience litigating wage and hour claims. See Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 662081 *1-2 (EDNY 2014).

Given the serious risks with respect to establishing liability and damages, as discussed infra, the recovery obtained on behalf of Plaintiffs is a fair and reasonable resolution. The sums allocated to the Plaintiffs are based on their individual dates of employment, recollections of hours worked, rates paid

and classification as non-exempt employees. Defendants fervently contend that Plaintiffs were paid in full for all hours worked, including overtime, at the correct rates of pay. The Parties have colorable factual and legal disputes with respect to the statute of limitations for claims made under the FLSA and the New York Labor Law ("NYLL"). The parties exchanged and analyzed payroll and employment documents and it appears that even if liability were to be established, there is scant evidence of hours worked as reflected in the Plaintiffs' responses to the Defendants' interrogatories and document requests. Thus, it is respectfully submitted that the benefits to be received by Plaintiffs are substantial and would not be attainable if their claims proceeded to trial.

Pursuant to the Settlement Agreement, Marzec Law Firm, P.C. ("MLF") is to receive one-third of the net settlement amount. The distribution to MLF is consistent with Cheeks as it is fair and reasonable in light of the total settlement amount obtained on behalf of Plaintiffs.

A.    Claims Asserted By Plaintiffs In The Second Amended Complaint

The operative Second Amended Complaint (Dkt. Doc. No. 35) alleges five (5) causes of action: (1) breach of contract, (2) violations of the NYLL, (3) violations of the FLSA, (4) quantum meruit and (5) declaratory judgment. Karol Zimnicki worked for Defendants from January 20, 2014 through April 4, 2020. Dawid Zimnicki worked for Defendants from March 4, 2019 through April 4, 2020. Plaintiffs were paid exclusively in cash and Defendants did not produce payroll records. The difficulty, if not impossibility, of proving claims of unpaid wages without payroll records is invariably an uphill battle.

The Plaintiffs allege that they were not paid by Defendants for all hours worked, including overtime, at the correct rate of pay. Defendants' Answer denied these claims and asserted that Plaintiffs were paid their wages at the correct rate of pay. The Court should note that counsel received minimal documents from both Plaintiffs that could be used at trial to support any claim, let alone claims that would result in more benefits than Plaintiffs will receive pursuant to the terms of the Settlement Agreement. It is submitted that Plaintiffs would probably receive nothing or close to nothing at trial because of these evidentiary deficiencies. Significantly, the documents and responses to Plaintiffs' discovery demands and information obtained from Defendants do not support a more favorable result at trial in contrast to the settlement payments to be made to them under the Settlement Agreement. Accordingly, the instant Settlement Agreement satisfies the Cheeks factors as the benefits to Plaintiffs far outweigh the risks should they proceed to trial.

B.    The Proposed Settlement

The Settlement Agreement entered into by the Parties is a result of the high degree of success achieved by counsel in litigating Plaintiffs' claims. The time spent on the certification motion and discovery is particularly salient. The ultimate recovery aside, the time spent on the successful application for conditional class certification, discovery and successful discovery applications resulted in the settlement herein. Plaintiffs' successful motion for conditional certification and the information and documents obtained through discovery are inextricably intertwined with reaching a settlement with Defendants as both involved a common core of facts and a related legal theory. See Gonzalez v. Scalinatella, Inc., 112 F.Supp.3d 5, 12 (S.D.N.Y. 2015) (the degree of success obtained by the plaintiff is "linked directly to the ability to maintain the case as an FLSA collective action.").

The proposed Settlement Agreement requires Defendants to pay Plaintiffs $80,000.00 ("Total Settlement Proceeds") in full satisfaction of the claims against them. Payment of $50,000.00 to MLF within 14 days of the Court's Order approving this settlement and the terms and conditions herein and payment of $10,000.00 to MLF on the first of the month for the following three (3) months after Defendants' first payment of $50,000.00 for a total of $30,000.00.

MLF shall pay the Total Settlement Proceeds as follows:

a. $20,335.02 to Karol Zimnicki upon receipt by MLF of the first settlement payment by Defendants in the sum of $50,000.00; and
b. $2,259.60 to Dawid Zimnicki upon receipt by MLF of the first settlement payment by Defendants in the sum of $50,000.00;
c. $27,405.38 to Marzec Law Firm, P.C. upon receipt by MLF of the first settlement payment by Defendants in the sum of $50,000.00. This sum shall be paid to MLF for attorneys' fees in the sum of $26,297.31 or one-third of the total settlement proceeds recovered and $1,108.07 in costs incurred for a total of $27,405.38 in attorneys' fees and costs;
d. $1,000.00 to Dawid Zimnicki on the eighth of the month for the following three (3) months after Defendants' first payment of $50,000.00; and
e. $9,000.00 to Karol Zimnicki on the eighth of the month for the following three (3) months after Defendants' first payment of $50,000.00.

If there is a default by Defendants in making any of the payments and if Defendants do not cure the default within seven (7) business days of receipt of a notice of default, Plaintiffs may enter judgment by filing Affidavits of Confession of Judgment signed by Defendants. The judgment shall be for $100,000.00 less any sums paid by Defendants to Plaintiffs as of the date of the default, together with costs, lawful disbursements and attorneys' fees necessary to secure the judgment. The Affidavits of Confession of Judgment shall be held in escrow by Plaintiff's counsel and shall not be filed and/or recorded unless the Defendants fail to cure any deficiency after receiving notice pursuant to the Settlement Agreement.

The Settlement Agreement was negotiated at arm's length by counsel experienced in litigating wage and hour claims under the FLSA and NYLL. In negotiating the settlement, a variety of factors were discussed and considered, including the proofs and lack of documentary evidence to support the allegations that Plaintiffs were not paid in full for all hours worked. Certified payroll records produced by Defendants were limited and Plaintiffs were not able to produce or obtain documents sufficient to overcome this high burden. Litigation costs were also considered. The Court should respectfully take under consideration the benefits of the settlement in light of the risks associated in proceeding to trial and obtaining an unfavorable verdict.

Karol Zimnicki is receiving a larger distribution of the settlement funds based upon his longer work history with Defendants than Dawid Zimnicki. It is respectfully submitted that the monetary recovery to be paid to Plaintiffs is the maximum recovery that could be had and is, therefore, fair and reasonable. The recovery under the Settlement Agreement is also many times more than what Plaintiffs would receive at trial based upon the lack of proofs, evidence, documents and their recollections. Plaintiffs are more than satisfied with the text and substance of the proposed settlement

as they are clear-eyed in their knowledge that should they proceed to trial their chances at prevailing is minimal. The Parties believe the settlement represents a reasonable compromise.

C.     Attorneys' Fees And Costs

It is submitted that the attorneys' fees charged and costs incurred on behalf of Plaintiffs are reasonable under the circumstances. Attached are MLF's invoices reflecting the time entries for the undersigned, other attorneys at MLF and a paralegal, all of whom worked on this matter, along with costs incurred. The total fees expended by MLF is $60,205.00. Costs incurred by MLF is $1,1088.07. The fees consist of more than 141 hours of attorney time. True copies of MLF's retainer agreement and time and expense records are attached hereto as **Exhibit B.**

The inquiry in approving attorneys' fees in the context of a settlement agreement is different than the inquiry of a fee application separately made after a plaintiff has prevailed through litigation. Fisher v. SD Protection Inc., 948 F.3d 593, 606 (2d Cir. 2020). A district court's assessment of the "degree of success" achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims. See Barfield v. New York City Health and Hospitals Corp. 537 F.3d 132, 152 (2d Cir. 2008). Both "the quantity and quality of relief obtained," as compared to what the plaintiff sought to achieve, are key factors in determining the degree of success achieved. Carroll v. Blinken, 105 F.3d 79, 81 (2d Cir. 1997). This comparison promotes the court's responsibility to assess what is a reasonable fee under the circumstances of the case. Despite the success achieved by MLF on behalf of Plaintiffs, payment to MLF for fees does not exceed one-third of the total net settlement amount.

Accordingly, the Parties respectfully request that the Court approve the proposed Settlement Agreement, including approval of the payment of attorneys' fees and costs therein. Upon approval of the proposed settlement and payment of the Total Settlement Proceeds by Defendants, the Parties will file a Stipulation of Dismissal with prejudice.

Respectfully Submitted,

*/s/ Darius A. Marzec*

Darius A. Marzec

CC:          Brian J. Shenker, Esq. via ECF and email (brian.shenker@jacksonlewis.com)

Enclosures:   Settlement Agreement
              MLF's retainer agreements and time and expense records